1  QUINN EMANUEL URQUHART & SULLIVAN, LLP

2    Charles K. Verhoeven (Bar No. 170151)
      charlesverhoeven@quinnemanuel.com
3  50 California Street, 22nd Floor
   San Francisco, California 94111
4  Telephone: (415) 875-6600

5    David A. Nelson (*pro hac vice* application forthcoming)
      davenelson@quinnemanuel.com
6  191 N. Wacker Dr., Suite 2700
   Chicago, IL 60606
7  Telephone: (312) 705-7400

8    Patrick D. Curran (Bar No. 241630)
      patrickcurran@quinnemanuel.com
9  Quinn Emanuel Urquhart & Sullivan, LLP
   111 Huntington Ave, Suite 520
10  Boston, MA 02199
   Telephone: (617) 712-7100

11
     S. Alex Lasher (*pro hac vice* application forthcoming)
12    alexlasher@quinnemanuel.com
     Jeffrey Gerchick (*pro hac vice* application forthcoming)
13    jeffgerchick@quinnemanuel.com
     Nina S. Tallon (*pro hac vice* application forthcoming)
14    ninatallon@quinnemanuel.com
     1300 I Street, NW, Suite 900
15  Washington, D.C. 20005
   Telephone: (202) 538-8000

16
   Attorneys for GOOGLE LLC
17

18               UNITED STATES DISTRICT COURT

19             NORTHERN DISTRICT OF CALIFORNIA

20  GOOGLE LLC,

21          Plaintiff,                    **COMPLAINT FOR PATENT
                                          INFRINGEMENT**
22       vs.
                                          **DEMAND FOR JURY TRIAL**
23  SONOS, INC.,

24          Defendant.

25

26

27

28

**COMPLAINT FOR PATENT INFRINGEMENT**

1.     Plaintiff Google LLC ("Google"), by and through its attorneys, and for its Complaint against Sonos, Inc. ("Sonos"), hereby alleges the following:

**NATURE OF THE ACTION**

2.     Google brings this action against Sonos for infringement of U.S. Patent No. 10,593,330 ("the '330 patent"), U.S. Patent No. 10,134,398 ("the '398 patent"), and U.S. Patent No. 7,705,565 ("the '565 patent") (collectively, the "Asserted Patents").

**BACKGROUND**

3.     Google was founded in 1998, and has a mission to organize the world's information and make it universally accessible and useful. Over the past two decades, in service of that mission, Google has become one of the world's most innovative technology companies. Google's revolutionary advances in search, computing, software, hardware, and voice-assisted technologies have resulted in improved services for millions of people worldwide.

4.     As part of its commitment to innovation, Google has invested significantly in extensive research and development efforts. Google is the current assignee of tens of thousands of patents worldwide.

5.     Google has pioneered advances at the heart of modern technology. Google's innovative voice-activated Google Assistant has transformed smart device management, connected homes, and mobile computing, and Google's innovations in power management for voice-controlled devices have made speech interfaces an efficient and effective component of modern electronics. Google's innovations in power management, including advances for speech-detecting devices and techniques for more efficient wireless charging, are key components for modern mobile devices and smart-home technologies.

6.     Google makes its innovative technology available to users worldwide, and also to other companies – even providing its Google Assistant software to Sonos for many years.  Google engineers have worked for years assisting and instructing Sonos engineers regarding implementation of voice recognition and voice-activated device controls in Sonos's products.

1  This software and know-how, which Google provided to Sonos in the spirit of partnership and

2  collaboration, helped drive demand for Sonos products.

3  **GOOGLE'S PARTNERSHIP WITH SONOS**

4  7.  Google partners with other companies to bring Google's innovations to millions of

5  shared customers. In particular, Google has long had a continued partnership with Sonos. In these

6  collaborations, Sonos has repeatedly asked Google for assistance, so that Sonos could employ

7  Google technology to improve Sonos's products. In 2013, Sonos asked for Google's assistance to

8  integrate with Google's popular Play Music service. Google gave Sonos that assistance, and

9  provided significant engineering resources, technical support, and other resources to integrate

10  Sonos's products with Google's Play Music service in 2014.

11  8.  In 2016, Sonos again asked for Google's assistance–this time to integrate with

12  Google's innovative Assistant software. And again, Google was willing to help. Google gave

13  Sonos significant assistance in designing, implementing, and testing a solution that would bring

14  Google's voice recognition software to Sonos's devices. This effort again involved substantial

15  Google engineering resources, including significant months of employee work time, for the initial

16  launch of Google's Assistant on Sonos's products in May 2019.

17  9.  Google is proud of its multi-year partnership with Sonos, and has worked

18  constructively with Sonos to make the companies' products work seamlessly by building special

19  integrations for Sonos. For instance, when Google rolled out the ability to set a Sonos speaker as

20  the default option for Google Assistant, it was the first time Google had done that for any partner

21  company.

22  10.  Sonos has made false claims about the companies' shared work and Google's

23  technology in the lawsuits that Sonos filed against Google. While Google rarely sues other

24  companies for patent infringement, it must assert its intellectual property rights here.

25  **SONOS'S INFRINGEMENT OF GOOGLE'S INTELLECTUAL PROPERTY**

26  11.  Google has patented inventions on innovative technologies for enabling voice

27  assistant technology and providing improvements to the efficiency, reliability, and durability of

28  voice-controlled and battery-powered devices.  Sonos is using, without permission, these Google

1    technologies in its products to enable multiple commercially-desirable features. For example,

2    Sonos has recently introduced its Sonos Voice Control feature to control its products in a power-

3    efficient manner through the use of "hotwords," and to manage battery charging of its products,

4    using technologies invented by Google.  Sonos uses these technologies in a number of its

5    products, including the Sonos Move, Sonos Roam, Sonos Roam SL, Sonos Arc, Sonos Beam, and

6    Sonos One.

7            12.    Google's patented innovations are fundamental to the ability of Sonos's products to

8    work together as energy efficient, voice-controllable smart devices.  Sonos acknowledges that for

9    its products, "the real magic is in the software," and not in the "look and sound" of its speakers.

10   *See* Ex. 4, (retrieved August 3, 2022), available at

11   https://jobs.mindtheproduct.com/?post_type=job_listing&p=10065.  Sonos freely admits as much

12   on its own tech blog:

13               Our software is the "magic."

14               If you've used Sonos before, you know that the Sonos
             experience is more than just sounds coming from a speaker. It's the
15           seamlessness of moving from room to room while listening to your
             favorite true crime podcast. It's the ease of asking your voice assistant
16           to turn down the volume or convert ounces to cups while you're
             cooking. And it's the joy of soundtracking a picnic with a
17           collaborative playlist on a speaker that weighs less than a pound.

18               None of this would be possible without the hard-working
19           software inside our speakers and components. "There's a perception
             that we're a hardware company because everything we sell is
20           hardware," says Jim Dolan, Vice President, Software Development.
             "And the hardware is beautiful. It's amazing. But ***the magic of the***
21           ***system is the software***. The speaker itself does not enable the system;
             the software enables the system."
22

23   *See* Ex. 5, "5 Things We Want To Share With Our Future SVP, Software" (retrieved June

24   20, 2022), available at https://tech-blog.sonos.com/posts/things-we-want-to-share-with-our-future-

25   svp-software/ (emphasis added).  This software "magic" uses patented Google technology, and

26   Google brings this case to defend that technology from Sonos's infringement.

27

28

13.     Sonos is actively infringing Google's intellectual property, and is not licensed to use Google's patented inventions to implement the accused features described in this Complaint. Accordingly, Google has filed this suit to protect its intellectual property.

### THE PARTIES

14.     Plaintiff Google LLC is a subsidiary of Alphabet Inc. with its principal place of business located in Mountain View, California.

15.     Defendant Sonos, Inc. is a Delaware corporation with headquarters at 614 Chapala Street, Santa Barbara, California 93101.

### JURISDICTION AND VENUE

16.     This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. Sections 1331 and 1338(a).

17.     This Court has personal jurisdiction over Sonos.  Sonos is registered to do business in the State of California (Registration No. C2465272), has its headquarters in the State of California, and has offices in this District.  Sonos, directly and through agents, regularly does, solicits, and transacts business in this District and elsewhere in the State of California.  Those acts have caused injury to Google, including within this District.

18.     Venue is proper in this District under 28 U.S.C. Sections 1391 and 1400(b).  Sonos has a regular and established place of business in this District—specifically, offices and employees located at 550 Montgomery Street, Suite 750, San Francisco, CA 94111.  Sonos lists this San Francisco office on its website (https://www.sonos.com/en-us/contact, a true and correct copy of which is attached as Exhibit 6), and the Sonos office at this location is advertised by Sonos as a current place of business (including in the building's directory in the public lobby).  Sonos has also committed acts of infringement in this District by selling, using, importing, and/or offering for sale its infringing products in this District.

### INTRADISTRICT ASSIGNMENT

19.     For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis.

**FIRST CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 10,593,330)**

20.     Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

21.     U.S. Patent No. 10,593,330, titled "Hotword Detection On Multiple Devices," was duly and lawfully issued by the United States Patent and Trademark Office on October 26, 2018 and is assigned to Google LLC.  A true and correct copy of the '330 patent is attached to this Complaint as Exhibit 1.

22.     Google is the owner of all rights, title, and interest in the '330 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

23.     The '330 patent is valid and enforceable.

24.     Sonos infringes one or more claims of the '330 patent, including but not limited to claims 1-7, 9-15, 17, and 18 (the "Asserted '330 Claims"), directly and/or indirectly via induced infringement and/or by contributory infringement.  Sonos infringes the Asserted '330 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that include one or more microphones and support Sonos Voice Control, including the Sonos One, Sonos Move, Sonos Roam, Sonos Arc, and Sonos Beam (the "Accused Voice Products") in violation of 35 U.S.C. Sections 271(a)-(c).  On information and belief, the Accused Voice Products satisfy all claim limitations of the Asserted '330 Claims at the time of their importation into and/or sale in the United States.

25.     Sonos had knowledge of the '330 patent by no later than the filing of this action.

26.     Sonos directly infringes the Asserted '330 Claims by making, using, offering to sell, or selling the Accused Voice Products in the United States and by importing the Accused Voice Products into the United States in violation of 35 U.S.C. Section 271(a).  A claim chart illustrating Sonos's infringement of independent claims 1, 9, and 17 of the '330 patent for a representative Accused Voice Product is attached as Exhibit 7.

27.     Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '330 Claims by actively encouraging others to make, use, offer to sell, or sell the

Accused Voice Products in the United States and/or import the Accused Voice Products into the United States in violation of 35 U.S.C. Section 271(b).  By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Voice Products to directly infringe the Asserted '330 Claims.  For example, Sonos promotes Sonos Voice Control as providing "[f]ast, accurate control of your music and your Sonos System," and as being available "on new voice capable products and as a free update for existing customers."  Ex. 14 (retrieved August 3, 2022) available at https://www.sonos.com/en-us/newsroom/introducing-effortless-listening.

28.     Sonos contributorily infringes the Asserted '330 Claims by offering to sell or selling within the United States or importing into the United States the Accused Voice Products (where each of the Accused Voice Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in infringing the '330 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. Section 271(c).

29.     Sonos's continued infringement of the '330 patent is willful and deliberate because it knows of the '330 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

30.     As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial.  Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief.  Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

**SECOND CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 10,134,398)**

31.     Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

32.     U.S. Patent No. 10,134,398, titled "Hotword Detection On Multiple Devices," was duly and lawfully issued by the United States Patent and Trademark Office on November 20, 2018, and is assigned to Google LLC.  A true and correct copy of the '398 patent is attached to this Complaint as Exhibit 2.

33.     Google is the owner of all rights, title, and interest in the '398 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

34.     The '398 patent is valid and enforceable.

35.     Sonos infringes one or more claims of the '398 patent, including but not limited to claims 1-5, 7-13, and 15-20 (the "Asserted '398 Claims"), directly and/or indirectly via induced infringement and/or by contributory infringement.  Sonos infringes the Asserted '398 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least the Accused Voice Products in violation of 35 U.S.C. Sections 271(a)-(c).  On information and belief, the Accused Voice Products satisfy all claim limitations of the Asserted '398 Claims at the time of their use in the United States.  A claim chart illustrating Sonos's infringement of independent claims 1, 9, and 16 of the '398 patent for a representative Accused Voice Product is attached as Exhibit 15.

36.     Sonos had knowledge of the '398 patent by no later than the filing of this action.

37.     Sonos directly infringes the Asserted '398 Claims by making, using, offering to sell, or selling the Accused Voice Products in the United States in violation of 35 U.S.C. Section 271(a).

38.     Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '398 Claims by actively encouraging others to make, use, offer to sell, or sell the Accused Voice Products in the United States and/or import the Accused Voice Products into the United States in violation of 35 U.S.C. Section 271(b).  By at least the filing of this Complaint,

Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Voice Products to directly infringe the Asserted '398 Claims.  For example, Sonos promotes Sonos Voice Control as providing "[f]ast, accurate control of your music and your Sonos System," and as being available "on new voice capable products and as a free update for existing customers."  Ex. 17 (retrieved August 3, 2022) available at https://www.sonos.com/en-us/newsroom/introducing-effortless-listening.

39.     Sonos contributorily infringes the Asserted '398 Claims by offering to sell or selling within the United States or importing into the United States the Accused Voice Products (where each of the Accused Voice Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in infringing the '398 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. Section 271(c).

40.     Sonos's continued infringement of the '398 patent is willful and deliberate because it knows of the '398 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

41.     As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial.  Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief.  Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

**THIRD CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 7,705,565)**

42.     Google incorporates and realleges all of the above paragraphs as though fully set forth herein.

43.     U.S. Patent No. 7,705,565, titled "Method and System for Wireless Charging," was duly and lawfully issued by the United States Patent and Trademark Office on April 27, 2010, and is assigned to Google LLC.  A true and correct copy of the '565 patent is attached to this Complaint as Exhibit 3.

44.     Google is the owner by assignment of all rights, title, and interest in the '565 patent, including the right to bring this suit for past and future damages and/or injunctive relief.

45.     The '565 patent is valid and enforceable.

46.     Sonos infringes one or more claims of the '565 patent, including but not limited to claims 1, 3-7, 9-15, and 18 (the "Asserted '565 Claims"), directly and/or indirectly via induced infringement and/or by contributory infringement.  Sonos infringes the Asserted '565 Claims by making, using, offering to sell, importing, selling for importation, and/or selling after importation into the United States at least Sonos audio player products that support both wireless and wired charging, including the Sonos Move, Sonos Roam, and Sonos Roam SL (the "Accused Portable Products") in violation of 35 U.S.C. Sections 271(a)-(c).  On information and belief, the Accused Portable Products satisfy all claim limitations of the Asserted '565 Claims at the time of their importation into and/or sale in the United States.

47.     Sonos had knowledge of the '565 patent by no later than the filing of this action.

48.     Sonos directly infringes the Asserted '565 Claims by making, using, offering to sell, or selling the Accused Portable Products in the United States and by importing the Accused Portable Products into the United States in violation of 35 U.S.C. Section 271(a).  A claim chart illustrating Sonos's infringement of independent claims 1, 9, and 18 of the '565 patent for a representative Accused Portable Product is attached as Exhibit 16.

49.     Sonos actively, knowingly, and intentionally induces the infringement of the Asserted '565 Claims by actively encouraging others to make, use, offer to sell, or sell the Accused Portable Products in the United States and/or import the Accused Portable Products into the United States in violation of 35 U.S.C. Section 271(b).  By at least the filing of this Complaint, Sonos knows (or should know) that its actions will induce (and do induce) users of the Accused Portable Products to directly infringe the Asserted '565 Claims.  For example, Sonos provides

instructions informing a user "how to charge your Sonos Roam or Roam SL with a USB-C cable (included), wireless Qi charger, or the Sonos Wireless Charger." Ex. 22 (retrieved August 3, 2022), available at https://support.sonos.com/s/article/4994.  Sonos advertises to users that they can charge their Sonos Roam "[u]sing the included USB A-C charging cable with any 5V/1.5A (7.5W) or higher USB power adapter. You can also use the Sonos Roam Wireless Charger or any Qi-certified wireless charger." Ex. 17 (retrieved August 5, 2022), available at https://www.sonos.com/en-us/shop/roam.   Sonos likewise promotes the Sonos Move as  capable of being charged in a wired or wireless configuration.  *See* Ex. 23 (retrieved August 5, 2022), available at https://www.sonos.com/en-us/guides/move ("Rechargeable battery lasts up to 10 hours. Easily recharge by just setting Move on the charging base—no plugs or extra wires required. For power on the go, use a compatible USB-C charger (sold separately).").

50.     Sonos contributorily infringes the Asserted '565 Claims by offering to sell or selling within the United States or importing into the United States the Accused Portable Products (where each of the Accused Portable Products is or contains a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention), knowing, by at least the filing of this Complaint, the same to be especially made or especially adapted for use in infringing the '565 patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use in violation of 35 U.S.C. Section 271(c).

51.     Sonos's continued infringement of the '565 patent is willful and deliberate because it knows of the '565 patent and the infringement of that patent no later than the filing of this action, but continues to act despite an objectively high likelihood that such acts will result in infringement of the patent.

52.     As the direct and proximate result of Sonos's conduct, Google has suffered and, if Sonos's conduct is not stopped, will continue to suffer, competitive harm, irreparable injury, and damages in an amount to be proven at trial.  Because Google's remedy at law is inadequate, Google seeks, in addition to damages, permanent injunctive relief.  Google's business operates in a competitive market and will continue suffering irreparable harm absent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Google respectfully requests the following relief:

A.    Judgment in Google's favor and against Sonos on all causes of action alleged herein;

B.    Damages in an amount to be further proven at trial, including trebling of all damages awarded with respect to infringement of the U.S. Patent Nos. 10,593,330, 10,134,398, and 7,705,565;

C.    An injunction prohibiting further infringement of the Asserted Patents by Sonos;

D.    Judgment that this is an exceptional case;

E.    Costs of suit incurred herein;

F.    Prejudgment interest;

G.    Attorneys' fees and costs; and

H.    Such other and further relief as the Court may deem to be just and proper.

DATED:  August 8, 2022    QUINN EMANUEL URQUHART & SULLIVAN, LLP

By    */s/ Patrick D. Curran*
Patrick D. Curran
Attorneys for GOOGLE LLC

1

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Google respectfully demands a trial by jury on all issues triable by jury.


DATED:  August 8, 2022                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP


                                          By _____/s/ Patrick D. Curran_____
                                             Patrick D. Curran
                                             Attorneys for GOOGLE LLC