QUINN EMANUEL URQUHART &
SULLIVAN, LLP
 Patrick D. Curran (Bar No. 241630)
 patrickcurran@quinnemanuel.com
 111 Huntington Ave., Suite 520
 Boston, Massachusetts 02199
 Telephone:    (617) 712-7100
 Facsimile:    (617) 712-7200

Attorneys for GOOGLE LLC

ALYSSA CARIDIS (STATE BAR NO.
260103)
acaridis@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

Attorneys for Defendant Sonos, Inc.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>           v.<br><br>SONOS, INC.,<br><br>        Defendants. | Case No. 3:22-cv-04552-AMO<br><br>**JOINT STATUS REPORT<br>PURSUANT TO DKT. 26** |

Pursuant to the Court's order of May 1, 2026 (Dkt. 26), Plaintiff Google LLC ("Google") and Defendant Sonos, Inc. ("Sonos") submit this joint status report regarding this case.

On August 8, 2022, Google filed its complaint asserting infringement U.S. Patent Nos. 10,593,330, 10,134,398, and 7,705,565 (the "'330 Patent," "'398 Patent," and "'565 Patent," respectively). Dkt. 1.

On August 9, 2022, Google filed a complaint in the ITC alleging a violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("Section 337") based on alleged infringement of the same three patents. The ITC instituted an Investigation responsive to Google's complaint, styled ITC Investigation No. 337-TA-1329 ("the 1329 Investigation").

On September 12, 2022, this Court stayed this case pending the disposition of the 1329 Investigation. Dkt. 13.

On October 18, 2022, the ITC terminated the 1329 Investigation as to the '565 Patent.

On May 17, 2023, Sonos moved for summary determination in the 1329 Investigation that the '330 and '398 Patents are invalid under 35 U.S.C. § 112 as indefinite. Google opposed this motion.

On May 15, 2024, the U.S. Patent Trial and Appeal Board ("PTAB") found the asserted claims of the '398 Patent and the '330 Patent invalid under 35 U.S.C. §§ 102, 103. Google has appealed these decisions to the Federal Circuit. The Federal Circuit rendered its decision on June 9, 2026, reversing the PTAB's holdings in the IPR and remanding to the PTAB for further proceedings to address an alternative theory not addressed in the PTAB's previous determination. The Federal Circuit issued its mandate in the consolidated PTAB appeals on July 16, 2026.

On July 31, 2024, Sonos moved again for summary determination in the 1329 Investigation that the '398 Patent and '330 Patent are invalid for the same reasons that the PTAB concluded these patents were invalid. Google opposed this motion.

On March 7, 2025, the presiding administrative law judge ("ALJ") in the 1329 Investigation issued a claim construction order finding the asserted claims of the '330 Patent and '398 Patent invalid as indefinite, and issued an initial determination granting Sonos' first motion for summary determination of invalidity based on indefiniteness. On the same day, the ALJ issued an order

denying Sonos' motion for summary determination that the '398 Patent and '330 Patent are invalid for the same reasons that the PTAB concluded these patents were invalid.

On July 7, 2025, the Commission issued a Notice of Determination adopting the ALJ's initial determination granting Sonos' motion for summary determination based on indefiniteness, and terminating the investigation based on a finding of no violation.  Google has appealed the Commission's determination to the Federal Circuit.  That appeal has been stayed by the Federal Circuit pending its decision on Google's appeal of the PTAB decision.  On July 30, 2026, Google, Sonos, and the ITC submitted a Joint Status Update to the Federal Circuit, in which Google proposed that the Federal Circuit lift the stay in view of the Federal Circuit's decision in the IPR appeal. Sonos and the ITC did not object to Google's proposal.

The parties agree that this case should remain stayed pending resolution of Google's appeal of the ITC's indefiniteness determination to the Federal Circuit.  The parties will promptly inform the Court once a decision from the Federal Circuit is received, and file joint status reports every 90 days pursuant to the Court's order of May 1, 2026 (Dkt. 26).

Respectfully submitted,

Dated:  August 7, 2026                               Respectfully submitted,

/s/ *Patrick Curran*                                      /s/ *Alyssa Caridis*
Patrick Curran                                              Alyssa Caridis
Attorneys for GOOGLE LLC                       Attorneys for SONOS INC.

QUINN EMANUEL URQUHART &      ORRICK, HERRINGTON & SUTCLIFFE
SULLIVAN, LLP                                         LLP

*Counsel for Plaintiff Google LLC*              *Counsel for Defendant Sonos Inc.*

## ECF ATTESTATION

I, Patrick Curran, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT PURSUANT TO DKT. 26. In compliance with General Order 45, X.B., I hereby attest that Counsel for Sonos has concurred in this filing.

Dated:  August 7, 2026

By: */s/ Patrick Curran*

Case No. 3:22-cv-04552-AMO

Joint Status Report